DAVIS, superintendent of banks, *v.* PAGE, executor, *et al.*

No. 8875.   February 27, 1933.

*C. N. Davie, J. F. Kemp, L. S. Camp,* and *B. B. Zellars,* for plaintiff.

*J. H. & Emmett Skelton* and *Hugh & Carey Skelton,* for defendants.

Atkinson, J.   In 1922 J. W. Williams executed a will providing certain special legacies and devises for designated persons, including, among others, provisions for life-estates in designated properties for the children of the testator.   There was a legacy of $1000 for a church, to be paid from the residue of the testator's estate.   The instrument contained a separate residuary clause providing that after payment of debts, special legacies, and expenses of administration, the balance of the estate should be divided among named children; and if either be dead at the death of the testator, the part given 'to such one should go as otherwise expressly directed.   Said clause also provided that if it should become "impractical to pay bequests in full, then they shall be settled at the necessary discount, each heir bearing pro rata part in loss, except the bequest to my

wife, Meanda F. Williams, of $3500 is to be paid in full." Included in the special legacies to the children were designated shares of the capital stock of the Hartwell Bank, which were owned by the testator and stood in his name on the books of the bank when he died, and also at the time of the failure of the bank which occurred November 22, 1926. On January 25, 1927, the superintendent of banks, in pursuance of the law, assessed the stockholders of the bank one hundred per cent. of the face value of the shares of stock standing in their names, and in thirty days thereafter, on the basis of such assessment, issued executions against those who had failed to pay. Among the executions was one against the executors of the estate of the testator for $10,000 and interest, which was duly entered on the general execution docket. The execution was credited by the superintendent of banks with "dividends" for stated amounts. In September, 1931, the superintendent of banks instituted an action against the executors of the estate and the widow and the children, one of whom resided outside of the State. The petition alleged all that is stated above, and that "the estate of J. W. Williams, deceased, as well as the property bequeathed and devised . . to the defendants, should be subjected to the payment of balance due on said execution." The petition did not allege the date of the death of the testator, or that the executors had assented to any devise or legacy, or that any devise or legacy had been paid or delivered by the executor to the widow or any child, or that there were not sufficient assets of the estate in the hands of the executors to pay the balance due on the execution, or that the estate or either of the individual defendants was insolvent. Discovery was waived. The prayers were (1) for process, and for an order for service by publication of the non-resident defendant; (2) for judgment against the defendants and each of them for all moneys "received from the estate . . in an amount sufficient to satisfy said assessment or the execution thereon; and that the properties bequeathed and devised to the defendants as life-tenants be held subject to the payment of said assessment or the execution thereon;" (3) for injunction to prevent "changing the status of any of said properties," and for receiver to take charge of the property bequeathed and devised to the non-resident defendant; and for general relief. The defendants filed special and general demurrers. The judge sustained "all the demurrers" and dismissed the action. The plaintiff excepted.

■ The superintendent of banks elected to pursue the remedy of issuing executions, as authorized by the statute, for the amount of the assessment, and caused it to be duly recorded. In these circumstances the execution was binding against all the property of the estate as against all persons; and on that basis the plaintiff was afforded adequate remedy for relief as against the estate, without resort to equity.

■ As a suit against the individual defendants for contribution to pay the balance due on the execution, on the basis of prior distribution of the estate to them by the executors, there was no allegation of any distribution of the estate or assent to legacies or delivery of property by the executor to any of the individual defendants; and consequently no cause of action was alleged against the individual defendants for contribution.

■ In the light of the foregoing rulings, no cause of action was alleged for appointment of a receiver for the property of the nonresident defendant.

■ There was no error in dismissing the action on general demurrer.                *Judgment affirmed.    All the Justices concur.*